# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| | | DATE | JULY 10, 2001 |
| CASE NUMBER | 99 C 3571 | | |
| CASE TITLE | | Carl Moss v. Mormon | |

[In the following box (a) indicate the party filing the motion, e.g., Plaintiff, defendant, 3rd party Plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER:** Defendants' motion to dismiss is granted in part.[107] The following defendants remain dismissed: Reed, Hollenbeck, Sarrazin and Wilson. However, the following defendants remain in the case: Mormon, Nance, Craig, Deathrow, and Mitchell. Defendants Mormon, Nance, and Craig shall file their answer within 30 days. The clerk shall issue summons on the amended complaint for defendants Deathrow and Mitchell. The following motions are denied: [101] [103-1] [103-2] [103-3] [108] [111][112] [118]. Defendants' motion for summary judgment remains pending. The court will rule by mail.

SEE ATTACHED ORDER

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | JUL 1 2 2001 date docketed |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials |
| | Mail AO 450 form. | 01 JUL 10 PM 4:45 | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| STE | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CARL MOSS  Plaintiff,

v.

Case No. 99 C3571

MORMON, ET AL.

Defendants.

Judge Wayne R. Andersen

## MEMORANDUM OPINION AND ORDER

The Plaintiff, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center, brought this pro se complaint pursuant 42 U.S.C.§1983 against officers and officials at the Joliet Correctional Center where he was previously housed, alleging violations of constitutional rights when another inmate assaulted him, breaking his jaw. He raises claims of failure to protect from harm and failure to provide adequate medical care. This matter is before the court for consideration of the defendants Mormon, Nance,[1] Reed, Hollenbeck, Sarrazin and Wilson's motion to dismiss the amended complaint for failure to state a claim. This court has previously dismissed all but two of these defendants from the original complaint. The amended complaint is identical, but names additional defendants. The following defendants are not joined in this motion and are therefore

---

[1] Defendants Mormon and Nance (and defendant Craig whom defendants do not include in this motion), remain in the case after the first order of March 9, 2000, granting certain other defendants' motion to dismiss. While these defendants join in this motion, they acknowledge that the court has already denied the motion to dismiss as to them.

1

not dismissed from this case: Mormon, Nance, Craig, Mitchell, Deathrow.

## BACKGROUND

On March 9, 2000, over one year ago, this court granted defendants' Wilson, Sarrazin, Hollenbeck and Reed's motion to dismiss as to them. The Plaintiff then was given leave to file an amended complaint on April 5, 2001, which amended complaint was a duplicate copy of the original complaint with two exceptions:1) he added one page of additional allegations against new defendant Deathrow( a telling name for a prison guard) in which he said that this officer watched the beating without doing anything to stop it; and 2) he added another page alleging that a Dr. Mitchell was also involved in the denial of his medical care subsequent to the beating. As defendants correctly point out, all of the remaining allegations are the same.

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor; a complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts which would entitle him to relief. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc.,Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Furthermore, when confronted with a *pro se* complaint, the court must employ a more liberal standard of review than would be used where an attorney prepared the complaint. *Haines v. Kerner*, 404 U.S. 519 (1972); *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995). Despite this liberal review of pleadings, federal rules still require that the complaint allege facts which would provide an adequate basis for each claim. *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). On a motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. *Leatherman v. Tarrant*

*County Narcotics Intelligence and Coordination Units*, 507 U.S. 163 (1993); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir.1992). Additionally, as long as they are consistent with the allegations of the complaint, a party may assert additional facts in his or her response to a motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 439-40 (7th Cir.1994). Furthermore, the court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. *Henson v. CSC Credit Services*, 29 F. 3d 280, 284 (7th Cir. 1984).

## DISCUSSION

This court has already granted the motion to dismiss regarding defendants Reed, Hollenbeck, Sarrazin, and Wilson and, because Plaintiff's amended complaint is, as to them, a carbon copy, therefore, the prior dismissal order remains valid. The fact that Plaintiff has submitted an amended complaint with the same allegations against these people, but adding additional defendants, does not change this fact. Therefore, it is unnecessary for these defendants to reargue the same points already presented in their first motion to dismiss. The court adopts the reasoning from its March 9, 2000 order and these defendants remain dismissed from this case. However, all other defendants named in the amended complaint remain in the case, namely Mormon, Nance, Craig, Deathrow and Mitchell. This is because Mormon and Nance have already been denied their motion to dismiss, and Craig, Deathrow and Mitchell did not join in this motion to dismiss.

## CONCLUSION

It is therefore ordered that the motion to dismiss is granted in part.[107] The following

3

defendants remain dismissed: Reed, Hollenbeck, Sarrazin and Wilson. However, the following defendants remain in the case: Mormon, Nance, Craig, Deathrow, and Mitchell. Defendants Mormon, Nance, and Craig shall file their answer within 30 days. The clerk shall issue summons on the amended complaint for defendants Deathrow and Mitchell. The following Plaintiff's motions are denied: for admission of evidence[101] as no evidence is yet to be presented to the court; for summons to issue on the amended complaint[103-1] as this court has ordered that summons issue and does not require a motion; for U.S. Marshal's forms [103-2] as the Marshal will send Plaintiff the appropriate forms after they receive service of summons; for refund of appellate fees [103-3] as no refund of fees is appropriate after an appeal has been filed. Plaintiff's motion for service and forms is denied as moot. [111]. Plaintiff's motion in limine to suppress is denied as no evidence has yet been presented to the court. [108] The additional pending motions are dismissed without prejudice pending this court's ruling on the defendants' motion for summary judgment: motion for discovery [112]; motion to release depositions [118].

ENTER:

WAYNE R. ANDERSEN, District Judge
UNITED STATES DISTRICT COURT

DATED: July 10, 2001

4