Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3571 | **DATE** | 11/21/2001 |
| **CASE TITLE** | Carl Moss vs. Jason Mormon et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendant's motion for summary judgment [115-1] is granted. Judgment is entered on behalf of Dr. Craig and he is dismissed from this suit. All other parties remain. Any other pending motions are denied as moot. Status hearing is set for 12/13/2001 @ 10:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 26 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 210 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 01 NOV 26 AM 8:23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARL MOSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 99 C 3571 |
| JASON MORMON, et al., | ) ) Wayne R. Andersen |
| Defendant. | ) District Judge ) |

DOCKETED NOV 26 2001

## MEMORANDUM, OPINION AND ORDER

The Plaintiff, currently an inmate at Menard Correctional Center, has brought this pro se civil rights action pursuant to 42 U.S.C.§1983 against officers and officials at the Joliet Correctional Center where he was previously housed, alleging violations of constitutional rights arising from an incident when another inmate assaulted him, breaking his jaw. He raises claims of failure to protect from harm and failure to provide adequate medical care. He claims that the defendant Dr. Craig violated his constitutional rights by failing to provide him with adequate dental care. This matter is before the Court for consideration of the defendant Dr. Craig's motion for summary judgment. For the reasons stated in this order, the motion is granted.

## STANDARD OF LAW

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 669 (7th Cir. 1997). In weighing a motion for summary judgment, the court must take the facts in the light most favorable to the party opposing the motion and draw all reasonable inferences in that party's favor. *Bahl v. Royal Indemnity Co.*, 115 F. 3d 1283, 1289 (7th Cir. 1997); *Condo v. Sysco Corp.*,

140

1 F.3d 599, 601 (7th Cir. 1993), *cert. denied,* 114 S. Ct. 1051 (1994). The party opposing the motion must present evidence of a triable issue of material fact. *See Vance v. Peters,* 97 F.3d 987, 990 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1822 (1997). The non-moving party is required to go beyond the pleadings and designate specific facts showing a genuine issue for trial. *Bank-Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir. 1991). A fact is material when it would determine the outcome under the governing law. *Whetstine v. Gate Rubber Co.,* 895 F.2d 388, 392 (7th Cir. 1990). A material fact is genuinely in dispute when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

## FACTS

The Plaintiff, Carl Moss, is currently an inmate at Menard Correctional Center. In 1998, however, he was an inmate at Joliet Correctional Center. On May 6, 1998, Plaintiff alleges that another inmate assaulted him in the shower, breaking Plaintiff's jaw.

Plaintiff outlines the facts relevant to Dr. Craig in his sworn statement, entitled "History of Broken Jaw," as follows: Dr. Craig installed a bracket on both his upper and lower jaws. These brackets contained numerous razor sharp points that are intended to hold small rubber bands that would lock the top and bottom jaws together. These bands broke on the way back to the prison. His tongue was wired to the floor of his mouth. By placing his finger into his mouth, Plaintiff managed to get his tongue out from under the wire. He states no injury to his tongue from this procedure. Upon return to prison, Plaintiff requested more bands from Joliet Correctional Center personnel. He was told that Dr. Craig sent them to Stateville Prison by mistake.

When he next saw Dr. Craig, the doctor gave him dental wax which helped protect his mouth from the sharp metal brackets. (Dep. pp. 100-102, stating that the wax was "very effective"). He complained to Joliet Correctional staff almost daily for more wax. One month after the surgery, he was given 23 bands by Dr. Ward. Plaintiff complains that Dr. Craig tightened the wires holding the brackets to his teeth, inflicting needless pain. He would not give Plaintiff more bands and would not remove the device from his mouth.

Defendant Craig summarizes the facts as follows: On May 11, 1998, Plaintiff was taken to a hospital in Joliet where Dr. Craig installed metal brackets to his upper and lower jaws to immobilize the broken jaw. The stainless steel wires and the rubber bands were used to lock the brackets together. Plaintiff alleges that the rubber bands he was given broke due to the sharpness of the dental appliance that Dr. Craig installed. For the next two months he was treated almost daily. He sought additional rubber bands from both Dr. Mitchell and Dr. Craig. However, as Plaintiff states in his deposition, Dr. Craig was on vacation from May until early June; further, Dr. Craig sent replacement rubber bands to Stateville Correctional Center instead of to Joliet Correctional Center by mistake. In addition to the rubber bands, Plaintiff received dental wax and pain medication while he was under the care of Dr. Craig. Finally, defendant Craig asserts that Plaintiff received rubber bands on June 11, 17 and July 6, 10, and 13. Craig attaches the medical records from Joliet Correctional Center, including nurses and doctors progress notes, to support these claims.

Plaintiff asserts in his second response to defendant Craig's motion for summary judgment (Plaintiff has filed four separate responses) that all of the medical records and progress notes from the prison are false. He provides no support for this claim. Regarding one important

3

fact, however, he does agree with defendant's statement of facts, # 30, that Dr. Craig sent ligature bands to the wrong prison by mistake. (Dep. p 99-100; 8/30/01 response to motion for summary judgment).

## DISCUSSION

Since this motion is brought only by Dr. Craig, the Court reviews the facts relating to him without commenting on any allegations against any other defendant. There are three different episodes related to Dr. Craig's care of plaintiff: the surgery itself, the month after surgery when rubber bands were allegedly not delivered, and one visit with Dr. Craig when Plaintiff alleges the doctor tightened the brackets on his teeth in a manner that inflicted needless pain. Since the serious nature of Plaintiff's medical needs is not in dispute, the Court will review the applicable law related to deliberate indifference and then examine each of these situations in turn and determine the applicability of the deliberate indifference standard to each instance.

### DELIBERATE INDIFFERENCE

The Supreme Court has limited recovery under the Eighth Amendment to those cases in which a prisoner can establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 291 (1976). A prison official violates the Eighth Amendment when (1) the deprivation alleged is objectively sufficiently serious and (2) the prison official acts with "deliberate indifference." *See Wilson v. Seiter*, 501 U.S. 294, 297- 302 (1991). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order for this Court to find that Plaintiff's

4

claims of inadequate medical care amount to punishment, he must demonstrate that Dr. Craig exhibited deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 104; *Holmes v. Sheahan*, 930 F.2d 1196, 1199 (7th Cir. 1991). Plaintiff must show acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

A state has an affirmative obligation under the Eighth Amendment to provide persons in its custody with a medical care system that meets minimal standards of adequacy. *Meriwether v. Faulkner*, 821 F.2d 408, 411 (7th Cir. 1987). However, not every claim by a prisoner alleging inadequate medical care states a constitutional violation. *Id.* Mere negligence on the part of a physician in diagnosing or treating a medical condition will not state a valid claim of medical mistreatment under the Eighth Amendment. *See Estelle*, 97 S.Ct. at 292; *see also Williams v. Cook County Jail Medical Staff*, 1991 WL 181072, at *1 (N.D. Ill. Sep. 11. 1991).

Dental care is one of the most important medical needs of inmates. *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980). Plaintiff's allegations are sufficient to demonstrate that he had a serious medical need to restore his broken jaw. The parties agree that Plaintiff has sufficiently stated a serious medical need for treatment for a broken jaw. This treatment includes the operation and the requisite post-operative care.

## WAS DR. CRAIG DELIBERATELY INDIFFERENT TO PLAINTIFF'S MEDICAL NEEDS?

To determine whether Plaintiff has shown that defendant Dr. Craig was deliberately indifferent to his medical needs, it is necessary to evaluate the undisputed facts presented in the summary judgment motion. Inadequate treatment due to negligence, inadvertence or differences

5

in judgment between an inmate and medical personnel do not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106; *Del Raine v. Williford*, 32 F.3d 1024, 1031-32 (7th Cir. 1994). Failure to treat a known serious medical need is not alone sufficient to show a constitutional violation; the failure to treat must cause serious injury. *See Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996). The Court reviews all contacts between Plaintiff and Dr. Craig to determine if Plaintiff met the *Farmer* test: namely, Dr. Craig must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference.

### The Surgery

Applying this law to the facts in Plaintiff's case, the only issue related to the surgery is the Plaintiff's claims that his tongue was underneath a wire after the surgery. Although Plaintiff alleges that his tongue was wired to his teeth, he later asserts that he was able to free his tongue with his finger, belying his earlier allegation. He makes no further mention of any wrongdoing regarding the actual surgery. He never complained to Dr. Craig about this tongue problem, and it does not seem to have injured him. He now states in his response that this was a "botched operation." However, he has introduced no evidence of this. To the extent that he claims that the operation was not successful, Plaintiff's claim appears to be one of negligence. As the case law makes clear, negligence, or even gross negligence, does not state a claim for deliberate indifference. Therefore, the Court finds as a matter of law that defendant Craig was not deliberately indifferent to Plaintiff in performing the surgery to repair his broken jaw.

### The Post-Operative Care: Rubber Band Replacement

The gravamen of Plaintiff's complaint is that the defendant failed to act appropriately

6

following the surgery in that Dr. Craig neglected to provide Plaintiff with post-operative rubber bands and other treatment. The key aspect of the necessary post-operative care was the delivery of rubber bands during the first month after the surgery. It is now undisputed that Dr. Craig mistakenly ordered that the rubber bands be sent to the wrong prison, and that he was on vacation and not available during the first month after the surgery. Nevertheless, there is no circumstance present in the Plaintiff's complaint which rises to the level of deliberate indifference with regard to the bands. Although there was delay in Plaintiff's receipt of dental rubber bands due to Dr. Craig's mistake, the record does not support an assertion that he was either aware of a risk or that he drew the inference that there was any risk to Plaintiff regarding delivery of the rubber bands. Therefore, as a matter of law, Dr. Craig did not deliberately delay Plaintiff's access to medical attention. *See Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligent or isolated occurrences of neglect"). While it was unfortunate that Dr. Craig did not send the rubber bands to the correct institution, there is no evidence that he did so deliberately. *See Rapier v. Harris*, 172 F.3d 999, 1006 (7th Cir. 1999).

The Post-Operative Care: Tightening The Brackets

Plaintiff's affidavit reiterates his allegations in his complaint that the procedure to tighten his brackets caused him needless pain. His bald allegation that this was done intentionally to cause him needless pain, without any supporting evidence, must fail. As the Seventh Circuit has held, a plaintiff cannot overcome a motion for summary judgment by simply restating the allegations contained in his complaint without any additional evidence. *See Bank-Leumi*

7

*Le-Israel*, 928 F. 2d at 236. Plaintiff does not state that the procedure was not medically required, only that it hurt. While we have no doubt that the Plaintiff experienced some discomfort, that is a normal side effect of any surgery. Nevertheless, if Plaintiff's constant complaining is any indication, it appears that some adjustment may have indeed been necessary. However, without any evidence to indicate that this bracket tightening procedure was not medically required, Plaintiff has failed to allege deliberate indifference. Indeed, the medical notes, which Plaintiff asserts are fabricated, show that his jaw was healing, albeit slowly. (Plaintiff disputes the Defendant's statement of facts regarding these notes only by saying that they are "all lies." However, he provides no substantive evidence to support these allegations.) Plaintiff cannot succeed in this case merely by challenging the validity of his medical records. This is so because the Court does not rely on medical records alone, which themselves are hearsay evidence and not supported by affidavits from any defendants, but rather on the undisputed facts regarding this procedure, particularly the statements Plaintiff makes in his own deposition. Plaintiff's assertion that this procedure caused him needless pain, without more, fails to state a claim.

## CONCLUSION

For the foregoing reasons, the defendant's motion for summary judgment is granted. Judgment is entered on behalf of Dr. Craig and he is dismissed from this suit. All other parties remain. Any other pending motions are denied as moot.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 21, 2001

8